IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-385-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES EARL HARPER | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on November 12, 2019, for hearing on government's motion to be relieved of its obligations under plea agreement and defendant's motion to withdraw guilty plea. This order memorializes the court's oral pronouncements:

1. The court GRANTS government's motion to be relieved of its obligations under plea agreement, pursuant to which it agreed to dismiss the following counts at sentencing: distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841 (a)(1) (Count Two), distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841 (a)(1) (Count Four), distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841 (a)(1) (Count Five), possession of firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(a) (Count Six), and distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Seven).

2. The court DENIES defendant's motion to withdraw guilty plea as to conspiracy to knowingly and intentionally distribute and possess with the intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count One)

and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A) (Count Three).

3. Having found defendant competent to appear and understand the nature of the proceedings, the court accepts defendant's not guilty plea to Counts Two, Four, Five, Six, and Seven.

4. All pretrial motions, including motions to compel discovery, motions to suppress, and motions under Rules 7, 8, 12, 13, 14, 16, and 41 of the Federal Rules of Criminal Procedure, shall be filed no later than **January 27, 2020.** Responses to motions shall be filed no later than **February 6, 2020.** Untimely motions and motions filed in disregard of Local Criminal Rules 12.2 and 16.1, may be summarily denied. Motion hearings, as necessary, shall be conducted by a district or magistrate judge in advance of trial.

5. If the government files a superseding indictment, the possibility of which was commented upon by its counsel, the undersigned will preside over any subsequent arraignment.

6. Having found that the ends of justice outweigh interests, including that of the public, in a speedy trial, and with consent of both parties,[1] the court SETS this case for trial on **March 2, 2020, at 9:30 a.m.,** in New Bern, North Carolina. Parties shall be present for conference with the court **March 2, 2020 at 9:00 a.m.** The period of delay resulting is to be excluded from the calculation of speedy trial time pursuant to 18 U.S.C. § 3161(h)(7)(A).

---

[1] Trial to commence February 26, 2020, was set initially; however, where conflict appeared with defense counsel, the case was carried over to March 2, 2020.

7. Counsel for each party shall file with the clerk and transmit electronically to Judge Flanagan on or before **February 19, 2020** (1) a list of voir dire questions as required by Local Criminal Rule 24.2; and (2) requests for jury instructions. Local Criminal Rule 24.1. The electronic copies shall be transmitted in WordPerfect or Word format to **proposedorders_nced@nced.uscourts.gov**.

8. Any motion is limine shall be filed not later than **seven days** prior to the start of trial where the question or issue bearing on admissibility of evidence reasonably can be contemplated in advance. Where "on a party's motion, the court may hold one or more pretrial conferences to promote a fair and expeditious trial[,]" Fed. R. Crim. P. 17.1, the parties are encouraged to move for such conference if deemed appropriate.

9. Pursuant to Local Criminal Rule 24.1(c), if a party has a need for any type of courtroom technology for a hearing or trial, including but not limited to any audio equipment, video equipment, document presentation system, and jury evidentiary recording system, counsel must notify the case manager and request training from the court's information technology staff for the person or persons who will be operating the courtroom technology. Unless excused by the clerk, no later than seven days before the scheduled proceeding, counsel must file a certification provided by the court's technology staff that training has been completed.

10. Counsel should review all related documentation appearing on the court's website (http://www.nced.uscourts.gov/attorney/crtech.aspx), including information concerning formatting of evidentiary DVDs. It is incumbent upon counsel to alert the Case Manager, Susan Tripp, at (252) 638-8534 of any issues pertaining to evidence presentation and compatibility of evidence with courtroom technology.

SO ORDERED, this the 13th day of November, 2019.

                                                          LOUISE W. FLANAGAN
                                                          United States District Judge